Syllabus.

The second alleges that the court below erred in not sustaining the claim of appellants. As both the auditor and the court rejected this claim for what appear to be sufficient reasons, we do not think it necessary to discuss it at length. It is sufficient to say that the appellants loaned their notes to the iron company, in connection with one Henry H. Maurer, to the extent of $16,000, taking as collateral therefor a mortgage for a like amount. These notes were renewed from time to time. It does not appear that appellants have been obliged to pay them, or any portion thereof. The claim is not upon the notes, or for any moneys advanced to the company, but is for compensation for the use of their names or credit. The claim is certainly a novel one; and, while we do not say there might not be a valid contract for compensation for the use of a man's name or his credit, the learned judge below was of opinion that appellants' claim failed upon the proofs. In this we think he was right.

　　　　　The decree is affirmed and the appeal dismissed, at the costs of the appellants.

---

## H. B. STEELE v. C. W. WISNER, EXR.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF MONTOUR COUNTY.

Argued March 2, 1891—Decided March 23, 1891.

1. On cross-examination of a witness, it is not competent to present a letter with which the witness was in no way connected, either as having been present when it was written, or authorized it, or had knowledge of the writing of it, to refresh his recollection as to matters about which he has testified in chief.
2. Where, after the plaintiff has rested, his witness is recalled by the defendant for further cross-examination, and is examined by the latter upon papers produced by defendant with which it is not shown he ever had any connection, it is not error to permit the plaintiff to examine him as if called as the defendant's witness.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 49 January Term 1891, Sup. Ct.; court below, No. 75 September Term 1886, C. P.

On September 14, 1886, Hannah B. Steele brought assumpsit against H. S. Pierce. Subsequently, the death of the defendant was suggested, and C. S. Wisner, his executor, substituted. Issue.

At the trial on September 18, 1890, it was made to appear, in brief, that the plaintiff on September 13, 1884, had bought the Glendower Iron Works at sheriff's sale, subject to a mortgage of $75,000 in favor of a trustee, to secure the holders of corporate bonds to that amount; that $57,000 of the bonds were held by H. S. Pierce, the defendant; that at the time of said sale the coupons for interest due July 1, 1884, were unpaid; that, a few days after the sale, the default of ninety days having almost expired, the plaintiff notified the defendant that after a short time necessary to complete a reorganization the interest due defendant would be paid; that the defendant replied that if plaintiff would send him a certified check for the amount of the coupons, with three months interest on the amount, before October 1st, he would send the coupons; that on October 24th, the July coupons remaining unpaid, the defendant gave notice of the ninety day default, to the trustee, who began judicial proceedings to foreclose the mortgage; that negotiations then took place to have the mortgage proceedings stayed, and, after some correspondence, the plaintiff, on December 11th, 1884, sent to the defendant a check for $1,710, to pay the July coupons and interest on the same, asking for instructions to the trustee to stay the proceedings, a final order of sale having been made on November 25th; that the defendant, acknowledging the receipt of the check on December 13th, stated that he had sent the check forward for payment, and when paid he would send the coupons canceled, or return the money, stating, also, that on January 1st the plaintiff would want to pay the coupons then due; that the plaintiff soon afterward arranged to lease the iron works to the Danville Furnace Co., and notified the defendant of that fact and of her intention to provide for the payment of the interest coupons, etc., but there was a failure to effect a stay of the proceedings, and this suit was brought to recover back the $1,710 paid, with interest.

Charge of Court below.

As evidence tending to prove a contract on the part of the defendant to have the proceedings on the mortgage stayed, or to repay the money received, the plaintiff called Mr. Henry Vincent, who testified that as the plaintiff's attorney he had two or three interviews with the defendant, about the time the money was sent to him, to effect a stay, and that at one of the interviews the defendant said to the witness that he had received the $1,710 and talked of having changed his mind about the propriety of staying the proceedings, saying that he ought to return the check and make amends to the plaintiff; and that defendant promised the witness that if the sale were not stayed he would return the money. The witness put the date of this interview as in November or December 1884. On cross-examination, the defendant offered to hand to the witness a letter from the plaintiff's husband and agent to the defendant, dated January 9, 1885, the witness being familiar with the handwriting, for the purpose of refreshing his recollection from the contents, so as to determine whether the agreement, as to which he testified, was made in November, December, or January. The offer was objected to, on the ground that it was not shown that the witness was present when the letter was written, authorized the writing of it, or was connected with it in any way at the time it was written.

By the court: Offer refused; exception.[1]

The plaintiff having rested her case, in his case in chief the defendant offered to recall Mr. Vincent for further cross-examination. Objected to, that the defendant could call the witness, but not for cross-examination.

By the court: They can call him for cross-examination in reference to what he has already testified to in chief; he is recalled for further cross-examination.

The witness then testified, and, the defendant stating he rested his case, the plaintiff asserted the right to cross-examine the witness after the examination by the defendant.

By the court: The defendant's counsel having called Mr. Vincent to the stand, after the plaintiff had rested her case, and claimed the privilege of eliciting testimony from him, as if upon cross-examination as to matters to which he had testified in chief as a witness for the plaintiff, to this the plaintiff's counsel objected. We hold that the witness must be examined as

Charge of Court below.

if called as a witness on the part of the defendant. He was so examined, and we now permit the plaintiff to cross-examine him. Courts do occasionally allow witnesses to be cross-examined under such circumstances; but here it seems that he only spoke of matters from the light of papers that you put in evidence. It shows that you were not ready for cross-examining him, at the time you called him.

Mr. Hinckley: We wanted to show him the letter of January 9th which he has since seen, but your Honor ruled it out; ruled that he could not refresh his mind from that letter. We could not offer the letter then, because we only cross-examined the witness. I do not know of anything that is more frequent than for one or the other of the parties to be recalled for further cross-examination. . . . . We called this witness back for the purpose of making a correction. He testified that when he testified the other day it was under a misconception. If a witness may be called for contradicting him, surely he may explain himself.

By the court: The only importance is as to the matter of allowing leading questions. I think that the examination has been proper so far; exception.[2]

The court, IKELER, P. J., submitted the cause to the jury on the evidence and answered the points presented as follows: .

Counsel for plaintiff respectfully asks the court to charge the jury as follows:

1. That Hannah B. Steele, the sheriff's grantee of the Glendower Iron Works, was not personally liable for the payment of the interest upon the mortgage thereon, not discharged by the sheriff's sale, she not having expressly assumed, in writing, to pay the same.[*]

Answer: Refused. We cannot say that the plaintiff did not assume, in writing, to pay the interest on the mortgage, or part of it. That question must be decided by the jury under all the evidence in the case.

2. Under all the evidence in the case, it is a question of fact for the jury to determine whether the plaintiff is entitled to recover, and, if entitled, what amount she is to recover.

---

[*] See act of June 12, 1878, P. L. 205.

Charge of Court below.

Answer: Affirmed.[21]

Counsel for the defendant asks the court to charge as follows:

2. The payment of $1,710 by the plaintiff to H. S. Pierce, December 11, 1884, being the interest due July 1, 1884, on $57,000 of the mortgage bonds held by him, secured by the mortgage for $75,000 on the Glendower Iron Works, subject to which said plaintiff purchased said real estate, was the payment of an amount which plaintiff owed to said H. S. Pierce; and without some preceding agreement whereby said Pierce obligated himself to return said sum of $1,710, no action will lie for the recovery of said sum by said plaintiff.

Answer: Refused.[16]

3. Under all the evidence in this case, no such preceding agreement has been shown which obligated said H. S. Pierce to return to plaintiff the $1,710 paid by check of December 11, 1884.

Answer: Refused.[17]

4. If the jury believe from all the evidence that H. S. Pierce agreed with Hugh E. Steele, agent for Hannah B. Steele, to stay the proceedings for sale of the Glendower Iron Works, if Hannah B. Steele would pay the interest due on the mortgage, the insurance premiums and the attorney fees, printing and costs, before there can be any recovery by said Hannah B. Steele for a failure to stay said sale by H. S. Pierce, it is incumbent upon said Hannah B. Steele to show that she paid the interest due on the mortgage, the insurance premiums and the attorney fees, printing and costs.

Answer: Refused.[18]

5. There is no evidence in the case to show that Hannah B. Steele did pay the interest due and unpaid at the time of the alleged contract, the insurance premiums and the attorney fees, printing and costs.

Answer: Refused.[19]

6. That, under all the evidence in the case, the verdict must be for the defendant.

Answer: Refused.[20]

—The jury returned a verdict in favor of the plaintiff for $2,301.94. Judgment having been entered, the defendant took this appeal, assigning for error, inter alia:

Syllabus.

1. The refusal of the defendant's offer.[1]
2. The admission of the plaintiff's offer.[2]
16–20. The answers to the defendant's points.[16 to 20]
21. The answer to the plaintiff's point.[21]

*Mr. H. M. Hinckley* (with him *Mr. Wm. J. Baldy*), for the appellant.
Counsel cited: 1 Greenl. Ev., §§ 436, 437.

*Mr. James Scarlet* and *Mr. C. R. Savidge*, for the appellee.
Counsel cited: (1) 2 Taylor on Ev., § 1410; Withers v. Atkinson, 1 W. 236.  (2) 1 Tr. & H. Pr., 5th ed., § 688; Curren v. Connery, 5 Binn. 488; Coyle v. Commonwealth, 104 Pa. 117.

PER CURIAM:

Judgment affirmed.

---

## G. L. SMITH v. PENNA. S. V. R. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF BERKS COUNTY.

Argued March 3, 1891—Decided March 23, 1891.

(*a*) In an issue to determine the damages to land occasioned by the construction of a railroad, the claimant was an assistant assessor in the triennial assessment for taxes for the year in which the railroad was located.  In said assessment, the land was valued at $5,301; while the damages claimed were $23,000:

1. The assessment, showing the valuation for taxes, was admissible as evidence of much weight, but it did not operate as an estoppel in favor of the company; it was not error, therefore, to permit the claimant to testify that he took no part in the assessment, and that it was much lower than the real value of the land.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.
No. 105 January Term 1891, Sup. Ct.; court below, No. 75 December Term 1889, C. P.